UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM A. FLETCHER, et al.,<br><br>    Defendants. | Case No. 23-cv-06013-AMO (PR)<br>23-cv-06014-AMO (PR)<br>23-cv-06111-AMO (PR)<br>24-cv-03365-AMO (PR)<br>24-cv-03368-AMO (PR)<br>24-cv-03369-AMO (PR)<br>24-cv-03373-AMO (PR)<br>24-cv-03552-AMO (PR)<br>24-cv-04589-AMO (PR)<br>24-cv-04590-AMO (PR)<br>24-cv-04591-AMO (PR)<br>24-cv-04652-AMO (PR)<br>24-cv-05117-AMO (PR)<br>24-cv-06677-AMO (PR)<br>24-cv-06678-AMO (PR)<br>24-cv-06679-AMO (PR)<br>24-cv-06680-AMO (PR)<br>24-cv-06681-AMO (PR)<br>24-cv-06810-AMO (PR)<br>24-cv-06811-AMO (PR)<br>24-cv-07167-AMO (PR)<br>24-cv-07168-AMO (PR)<br>24-cv-07464-AMO (PR)<br>24-cv-07465-AMO (PR)<br>24-cv-07466-AMO (PR)<br>24-cv-07467-AMO (PR)<br>24-cv-07531-AMO (PR)<br>24-cv-07532-AMO (PR)<br>24-cv-07533-AMO (PR) |

| | |
|---|---|
| 1 | 24-cv-07534-AMO (PR) |
| 2 | 24-cv-08252-AMO (PR) |
|   | 24-cv-08253-AMO (PR) |
| 3 | 24-cv-08254-AMO (PR) |
| 4 | 24-cv-08255-AMO (PR) |
|   | 24-cv-08257-AMO (PR) |
| 5 | 24-cv-08258-AMO (PR) |
| 6 | 24-cv-08270-AMO (PR) |
| 7 | 24-cv-08418-AMO (PR) |
|   | 24-cv-08420-AMO (PR) |
| 8 | 24-cv-08421-AMO (PR) |
| 9 | 24-cv-08422-AMO (PR) |
| 10 | 24-cv-08423-AMO (PR) |
|    | 24-cv-08424-AMO (PR) |
| 11 | 24-cv-08474-AMO (PR) |
| 12 | 24-cv-08476-AMO (PR) |
| 13 | 24-cv-08477-AMO (PR) |
|    | 24-cv-08479-AMO (PR) |
| 14 | 24-cv-08481-AMO (PR) |
| 15 | 24-cv-08484-AMO (PR) |
| 16 | 24-cv-08485-AMO (PR) |
|    | 24-cv-08489-AMO (PR) |
| 17 | 24-cv-08490-AMO (PR) |
| 18 | 24-cv-08491-AMO (PR) |
| 19 | 24-cv-08492-AMO (PR) |
|    | 24-cv-08493-AMO (PR) |
| 20 | 24-cv-08494-AMO (PR) |
| 21 | 24-cv-08495-AMO (PR) |
| 22 | 24-cv-08497-AMO (PR) |
|    | 24-cv-08499-AMO (PR) |
| 23 | 24-cv-08500-AMO (PR) |
| 24 | 24-cv-08764-AMO (PR) |
| 25 | 24-cv-08765-AMO (PR) |
|    | 24-cv-08769-AMO (PR) |
| 26 | 24-cv-08770-AMO (PR) |
| 27 | 24-cv-08772-AMO (PR) |
| 28 | 24-cv-08773-AMO (PR) |

|   |                       |
|---|-----------------------|
| 1 | 24-cv-08774-AMO (PR)  |
| 2 | 24-cv-08940-AMO (PR)  |
|   | 24-cv-08941-AMO (PR)  |
| 3 | 24-cv-08942-AMO (PR)  |
| 4 | 24-cv-08946-AMO (PR)  |
|   | 24-cv-08947-AMO (PR)  |
| 5 | 24-cv-08948-AMO (PR)  |
| 6 | 24-cv-08949-AMO (PR)  |
| 7 | 24-cv-08950-AMO (PR)  |
|   | 24-cv-08951-AMO (PR)  |
| 8 | 24-cv-08953-AMO (PR)  |
| 9 | 24-cv-08954-AMO (PR)  |
|10 | 24-cv-08955-AMO (PR)  |
|   | 24-cv-09155-AMO (PR)  |
|11 | 24-cv-09157-AMO (PR)  |
|12 | 24-cv-09160-AMO (PR)  |
|13 | 24-cv-09161-AMO (PR)  |
|   | 24-cv-09163-AMO (PR)  |
|14 | 24-cv-09165-AMO (PR)  |
|15 | 24-cv-09166-AMO (PR)  |
|16 | 24-cv-09167-AMO (PR)  |
|   | 24-cv-09170-AMO (PR)  |
|17 | 24-cv-09171-AMO (PR)  |
|18 | 24-cv-09173-AMO (PR)  |

**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE**

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. Sivak presents nearly identical claims in the above-captioned actions, which include petitions for writ of mandamus seeking to compel certain conduct by federal judges of this District, the United States Court of Appeals for the Ninth Circuit, and the United States District Court for the District of Idaho, as well as Idaho state court judges and various court personnel. He seeks relief regarding his underlying conviction or how his cases were handled by the state and federal courts. The Court notes that Sivak has an extensive history

3

of filing similar cases.[1]

In many of the above-captioned actions, Sivak has requested leave to proceed *in forma pauperis* ("IFP"). However, he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g). Sivak is a frequent litigant who has filed more than 100 cases in the Northern District of California. A nationwide federal court search on the Public Access To Court Electronic Records or PACER database returns hundreds of results for lawsuits in his name. The Ninth Circuit and the District of Idaho have previously found him to be a three-striker. *See* Ninth Circuit Case No. 23-35190, Dkt. 8 (June 2, 2023) (citing *Sivak v. Winmill*, No. 1: 02-cv-00353 (D. Idaho Oct. 17, 2002) (dismissed for failure to state claim); *Sivak v. Nye*, No. 21-35760 (9th Cir. Nov. 8, 2021) (dismissed as frivolous); *Sivak v. Duggan*, No. 21-35356 (9th Cir. Jan. 21, 2022) (dismissed as frivolous)). Because Sivak has had at least three cases dismissed that count as "strikes," pursuant to section 1915(g), he may not proceed IFP in the above-captioned actions unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the petitions in each action. The allegations in the complaints in the above-captioned actions do not show that Sivak was in imminent danger at the time of filing. Therefore, he may not proceed IFP, and his motions for leave to proceed IFP are **DENIED**.

Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (finding that *Heck* bars section 1983 damages claims for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless plaintiff first proves that the conviction or sentence was reversed, expunged, or otherwise invalidated), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that abstention is appropriate under *Younger* "when a petition for review of the same state criminal conviction challenged in the present federal habeas petition is currently pending in the California Supreme Court"), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (finding that federal courts are without power to issue mandamus to direct state courts, state judicial officers, or

---

[1] Since May 2024, the undersigned has issued numerous dismissal orders pursuant to section 1915(g), pertaining to more than 100 different cases.

other state officials in performance of their duties), or *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process).  To the extent Sivak disagrees with a federal judge's disposition of his applications to proceed IFP, he may appeal to the Ninth Circuit as circumstances warrant.  He may not seek review by another judge in the District.  *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Mullis*, 828 F.2d at 1392-93 (finding that "horizontal appeal" from one district court to another improper and "district court lacks authority to issue a writ of mandamus to another district court").  In addition, these judges are absolutely immune from civil claims for damages alleged in connection with actions taken in their judicial capacity.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

Furthermore, these are not cases in which the undersigned judge's impartiality might be reasonably questioned due to the repetitive and frivolous nature of the filings.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (finding that absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).[2]

Accordingly, the above-captioned actions are **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall terminate all pending motions and close these above-captioned actions.  **The Clerk shall return, without filing, any further documents Sivak submits in these closed cases.**

**IT IS SO ORDERED.**

Dated:  December 26, 2024

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

---

[2] Sivak has previously named the undersigned as a defendant in four cases.  *See* Case Nos. 24-cv-04592-JD (PR), 24-cv-04653-JD (PR), 24-cv-06543-JD (PR), 24-cv-06544-JD (PR).  On October 15, 2024, the Honorable Judge James Donato dismissed all four cases with prejudice upon finding that "[n]one of the cases plausibly allege[d] a claim of any sort, even when read generously for a pro se litigant."  *See* Case No. 24-cv-04592-JD (PR), Dkt. 7 at 2.  In the above-captioned cases, Sivak does not seek recusal, nor is recusal warranted considering the frivolous nature of the cases.